# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIUS M. BOYD,**

    **Plaintiff,**

    v.                                                            Case No. 13-CV-94

**WARDEN WILLIAM POLLARD,**
**DEPUTY WARDEN DONALD STRAHOTA,**
**TONY MELI, BRIAN GREFF,**
**LT. SCHNEIDER, CO DEREK SCHOUTEN,**
**CO ROZONI, CO JOSEPH BEAHM,**
**and CO KAPHINGST,**

    **Defendants.**

## SCREENING ORDER

    The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions

are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v.*

2

*County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at Waupun Correctional Institution ("WCI") at all times relevant. The defendants are: Warden William Pollard; Deputy Warden Donald Strahota; Security Director Tony Meli; Lieutenant Schneider; and Correctional Officers Derek Schouten, Rozoni, Joseph Beahm, and Kaphingst.

According to the complaint, on November 27, 2012, the plaintiff was housed in the segregation unit, cell A-204. Defendants Schouten and Rozoni[1] secured his hands and escorted him to the showers. The plaintiff, who did not want to shower next to a particular inmate based on the inmate's history of expelling bodily waste and fluids towards officers and inmates, requested a shower apart from the offensive inmate. Defendants Schouten and Rozoni denied the request. The plaintiff then requested to be escorted back to his cell without showering and to speak with the segregation sergeant. Once the plaintiff returned to his cell, he asked Sergeant Schmidt (not a defendant) if he could shower in his cell but Schmidt denied the request because he had refused his shower. Defendants Schneider and Kaphingst showed up and the officers were not happy with the plaintiff because of a civil complaint he had filed regarding strip searches. The plaintiff spoke with Sergeant Schmidt about the shower situation, and then complied with defendants Schouten and Rozoni's orders to step into his cell.

After the cell door was closed, the plaintiff's hands were still cuffed behind his back. Defendants Schneider, Kaphingst, Schouten, and Rozoni stood outside of the cell door. As soon as

---

[1] The complaint refers to a defendant Correctional Officer Rozoni and Correctional Officer Bulder-Ronzani. These officers appear to be the same individual. To avoid confusion, the court will refer to the officer as "Rozoni."

3

defendant Rozoni uncuffed the plaintiff's right hand through the cell trap door, defendant Kaphingst violently yanked his left arm out of the trap door. Defendants Rozoni and Schouten saw the plaintiff's left arm fully extended out of his cell trap door and they "attacked it like a pack of wolves." (Compl. at 5.) The plaintiff's left arm was still handcuffed to the cell door and he did not try to grab any of the officers. Defendants Kaphingst, Schouten, and Rozoni injured the plaintiff's left arm. Defendant Schneider witnessed the officers' actions and did not order them to stop despite the fact that the plaintiff could not harm the officers or himself because his arm was still secured to the cell door. Defendant Schneider obtained a Taser, placed it against the plaintiff's left armpit, and allowed him to put his right arm out of the trap door. He told the plaintiff he was being placed in control status. Defendants Kaphingst, Schouten, Rozoni, and Schneider escorted the plaintiff to the strip cage area where Kaphingst cut his clothes from his body in a rude and humiliating manner. Nurse Slinger placed a band-aid over one of his wounds and several photos of his arm were taken. The plaintiff suffered major abrasions, lacerations, and cuts from his wrist to his left shoulder.

The plaintiff was issued Conduct Report 234386 following the incident. Defendant Meli placed the plaintiff on "back of cell" and two-man escort for 30 days, but did not interview him or investigate the matter. (Compl. at 6.)

Defendant Schneider escorted the plaintiff to control status and placed him in a cold and dirty cell without property, hygiene, clothes, bedding, and shoes. While there, the plaintiff was escorted to "medical" four times to draw blood. (Compl. at 8.) He was weak and had already lost a lot of blood due to the attack on his left arm. There was blood on the cell door and floor. It is not clear how long the plaintiff remained in control status.

The plaintiff claims that defendants Schouten, Kaphingst, and Rozoni used excessive force against him when they injured his left arm. Defendant Schneider placed the plaintiff on control status after the injury, and did not have the plaintiff treated for his injuries. The plaintiff alleges that

defendants Meli, Strahota, and Pollard are responsible for the incident based on their supervisory positions. He seeks declaratory relief, and compensatory and punitive damages.

As an initial matter, the plaintiff requests that the court "disregard" defendants Greff and Beahm from his complaint. (Compl. at 7.) These defendants are not mentioned in the complaint allegations. Therefore, they will be dismissed. *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). In addition, the plaintiff claims that defendants Pollard, Strahota, and Meli are liable based on their supervisory positions. However, there is no supervisory liability under 42 U.S.C. § 1983. *See id.* Thus, defendants Pollard, Strahota, and Meli will be dismissed.

The court finds that the plaintiff may proceed on an excessive force claim against defendants Schouten, Rozoni, and Kaphingst based on their alleged treatment of his arm. *See Guitron v. Paul*, 675 F.3d 1044, 1045-46 (7th Cir. 2012). He may also proceed on a claim that defendant Schneider failed to intervene in the use of excessive force. *See Filmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004). The plaintiff also appears to be advancing a conditions of confinement claim against defendant Schneider based on the alleged conditions on control status. Although it is not clear the length of time the plaintiff was subjected to the conditions, he may proceed on the claim at this stage. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The plaintiff also claims that defendant Schneider placed him on control status instead of giving him medical care for his injuries, an apparent Eighth Amendment medical care claim. *See Edwards v. Snyder*, 478 F.3d 827, 830-32 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Brian Greff, Joseph Beahm, William Pollard, Donald Strahota, and Tony Meli are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are

5

being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party

or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 17th day of April, 2013.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge