UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS M. BOYD,

     Plaintiff,

v.                              Case No. 13-CV-94

LT. SCHNEIDER, CO DEREK SCHOUTEN,
CO ROZONI, and CO KAPHINGST,

     Defendants.

## ORDER

On March 20, 2014, I granted the defendants' motion for summary judgment. Judgment was entered the same day. Boyd has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) challenging dismissal of his excessive force claim.

Rule 60(b) allows a court to grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

In support of his motion for relief from judgment, Boyd contends that I erred when I considered his prison disciplinary history in determining that defendants Schouten, Kaphingst, and Rozoni, a/k/a Budler-Ronzoni, did not use excessive force against him. According to Boyd, such character evidence was inadmissible under Federal Rules of Evidence 404, 405, or 608. Boyd is mistaken. I did not consider Boyd's prison disciplinary history to show his

character. Rather, his disciplinary history was relevant to the reasonableness of the force used by the defendants, bearing on their state of mind.[1] (Decision and Order dated March 20, 2014, Docket # 55 at 16.) Such use of an inmate's disciplinary history is permissible. *See Thomas v. Walton*, 461 F. Supp. 2d 786, 792 (S.D. Ill. 2006) (citing *Young v. Rabideau*, 821 F.2d 373, 381-82 (7th Cir. 1987); *West v. Love*, 776 F.2d 170, 176 (7th Cir. 1985)).

Next, Boyd contends that the fact that blood was drawn during the incident should be enough evidence to establish an excessive force claim and to warrant a trial. However, this legal argument is not proper on a Rule 60(b) motion. Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. Of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell v. Delco Remy Div. of General Motors Corp*, 51 F.3d 746, 749 (7th Cir. 1995).

Finally, Boyd points out clerical errors in the Discussion section of the Decision and Order where it referred to the November 27, 2012, alleged excessive force incident as occurring on October 27. (Decision and Order, Docket # 55 at 14, 16, 17, 18.) By this Order, these clerical errors are corrected. *See* Fed. R. Civ. P. 60(a).

In sum, Boyd has not shown that he is entitled to relief under Rule 60(b).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for relief from judgment (Docket # 57) is **DENIED**.

---

[1] Defendants Kaphingst, Schouten, and Budler-Ronzoni acted, in part, based on Boyd's extensive disciplinary history. (Kaphingst Aff. ¶¶ 8, 15, 26; Schouten Aff. ¶ 27; Budler-Ronzoni Aff. ¶¶ 18, 25.)

**IT IS FURTHER ORDERED** that the Court's March 20, 2014, Decision and Order is corrected as follows: pages 14, 16, 17, and 18 should read "November 27" instead of October 27.

Dated at Milwaukee, Wisconsin this 11th day of July, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge